# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA R. HICKMAN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-24-407-RAW-GLJ |
| ) | |
| JORDAN TURLEY, and ) | |
| ANDY SIMMONS, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Pro se Plaintiff Lisa Hickman filed the Complaint in this case on October 23, 2024, alleging various civil rights violations pursuant to, *inter alia*, 42 U.S.C. § 1983, arising out of an arrest conducted by Muskogee County Sheriff's Officer Jordan Turley, as well as Sheriff Andy Simmons's response to Turley's actions. Defendants Turley and Sheriff moved to dismiss [Docket No. 17], and this Court invited Plaintiff to file an Amended Complaint, with a filing deadline of April 4, 2025. Docket No. 28.

Plaintiff failed to file an Amended Complaint by April 4, 2025, instead filing a Sur-Reply [Docket No. 29] to Defendant's Motion to Dismiss. This Court's local rules only contemplate the filing of motions, responses, and replies. *See* Loc. Civ. R. 7.1(b), (d), & (e). Additionally, "[s]upplemental briefs are not encouraged and may be filed only upon motion and leave of Court." Loc. Civ. R. 7.1(e). Defendants accordingly moved to strike Plaintiff's Sur-Reply [Docket No. 30].

On April 14, 2025, the Court received notice that mail to Plaintiff had been returned

rather than received at Plaintiff's address [Docket No. 31]. On April 24, 2025, the Court received a letter and various pleadings from Plaintiff. *See* Docket Nos. 32-35. In the letter, Plaintiff stated that the U.S. Postal Service had returned mail that was sent to her home and she was unaware of "the response I needed to provide." She then stated that she had worked hard to "amend my brief and response to a sur-reply motion." Docket No. 33. Attached with the letter were: (i) a response to Defendant's Motion to Strike Plaintiff's Sur-Reply (Docketed No. 34), (ii) what appears to be an Amended Complaint (Docket No. 32), and (iii) "Plaintiff's Brief in Support of Newly Rewritten Complaint and Response to Prior Dismissal Motion" (Docket No. 35). Although Docket No. 32 does not have a heading for the document, it contains a case heading, and an opening paragraph which begins, "This civil rights action is brought against the Muskogee Count Sheriff's Office (MCSO) and its employees.[.]" It thus appears to be Plaintiff's Amended Complaint. The case heading and first paragraph identify the following Defendants: Turley (in his individual capacity), Simmons (in his individual capacity and in his official capacity as Sheriff), Riley Breedlove, Sheriff Officer Moore, Chris Jackson, and Undersheriff Gregg Martin. Docket No. 32, p. 1. Following that, there is the following subheading: "Amended Brief in Support of Plaintiff's Civil Rights Claim Under 42 U.S.C. § 1983." *Id.* The Clerk's office originally erroneously used that as the document name, but the Court modified the CM/ECF docket to reflect the proper name as it is clear from Plaintiff's letter and the format of Docket No. 32 that Plaintiff intended to Amend her Complaint. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (requiring courts to liberally construe a pro se litigant's pleadings). Defendants subsequently moved to strike both the Amended Complaint and

Plaintiff's Brief in Support of Newly Written Complaint and Response to Prior Dismissal Motions, on May 8, 2025. Docket Nos. 36-37. Both filings contain a certificate of service indicating that copies were mailed to Plaintiff, but Plaintiff has not responded.

Upon review, the Court finds that, while Plaintiff did not seek leave to file the Amended Complaint after the deadline set by the Court, she provided sufficient cause to excuse the failure in light of the U.S. Post Office delivery problems. Accordingly, Docket No. 32 is deemed timely filed as Plaintiff's Amended Complaint. As such, Defendants' Motion to Dismiss [Docket No. 17] for failure to state a claim is hereby deemed **MOOT**. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[A]n amended complaint supersedes the original and renders it of no legal effect.) (quotation omitted). Defendants' Motion to Strike Plaintiff's Sur-Reply [Docket No. 30] is likewise deemed **MOOT**. Plaintiff is cautioned, however, that all future filings must comply with both the Federal Rules of Civil Procedure as well as this Court's Local Rules. Defendants' Motion to Strike Plaintiff's Amended Complaint and her "Brief in Support"[1] [Docket Nos. 36-37] are hereby **DENIED**. Defendants shall be given fourteen days, or until July 31, 2025, to answer or otherwise respond to Plaintiff's Amended Complaint, including any renewal of a motion to dismiss.

**IT IS SO ORDERED** this 17th day of July, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] At this time, the Court declines to address the merits of arguments related to the newly-named Defendants or the additional legal claims raised in the Amended Complaint.