## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA R. HICKMAN,          ) | |
|          ) | |
|     **Plaintiff,**    ) | |
|          ) | **Case No. CIV-24-407-JFH-GLJ** |
| v.         ) | |
|          ) | |
| JORDAN TURLEY, ANDY SIMMONS,  ) | |
| RILEY BREEDLOVE, SHERIFF     ) | |
| EMPLOYEE MOORE, CHRIS      ) | |
| JACKSON, and GREGG MARTIN,   ) | |
|          ) | |
|     **Defendants.**    ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' varying motions to dismiss Plaintiff's First Amended Complaint. *See* Docket Nos. 41-42, 65. Plaintiff's claims arise out of an encounter she had with Muskogee County Sheriff employees on May 26, 2023. *See* Docket No. 32. On January 23, 2025, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. *See* Docket Nos. 23, 66. For the reasons stated below, Defendants Simmons, Breedlove, Martin, and Moore's Motions to Dismiss [Docket Nos. 41-42] and Defendant Turley's Motion for Partial Dismissal [Docket No. 65] should be GRANTED. The undersigned Magistrate Judge further recommends that "Defendants' Motion to Strike Plaintiff's Supplemental Brief in Opposition to Defendants' Partial Motion to Dismiss [Dkt. 45]" [Docket No. 48] be DENIED.

## I.     Procedural Background

On October 23, 2024, pro se Plaintiff Lisa R. Hickman filed the Complaint in this matter.  While it is difficult to discern the precise claims being asserted in the original Complaint, the Complaint set forth various allegations regarding her treatment at the hands of Muskogee County Sheriff Andy Simmons and Officer Jordan Turley.  Defendants Simmons and Turley were served and promptly moved to dismiss on December 23, 2024.  Docket No. 17.  After the motion was fully briefed, the undersigned Magistrate Judge reviewed the motion and pleadings and invited Plaintiff to amend her Complaint on or before April 4, 2025.  Docket No. 38.

Plaintiff did not file her Amended Complaint until April 24, 2025, well outside the deadline.  Plaintiff also named four Defendants in addition to Defendants Simmons and Turley – Undersheriff Gregg Martin, Sheriff employees Riley Breedlove and [] Moore, as well as Chris Jackson.  Although untimely, the undersigned Magistrate Judge nevertheless found that Plaintiff provided sufficient cause to excuse the timeliness failure due to U.S. Post Office delivery problems and permitted the filing to stand.  Docket No. 38.  Defendants Simmons and Turley again moved to dismiss on July 31, 2025.  Docket Nos. 41-42.  The motions were fully briefed by August 27, 2025.  On December 4, 2025, the Court received notice from Plaintiff that she had received only that day certain envelopes from the Court dated November 7, 2025, and November 10, 2025.  *See* Docket No. 51.  These documents appear related to service of the additional defendants.  Accordingly, on January 5, 2026, the undersigned Magistrate Judge granted Plaintiff an extension of time to February 9, 2026, in order to serve the remaining Defendants, and directed the Clerk's

office to issue Civil Summons for the four remaining Defendants in light of Plaintiff's *in forma pauperis* status.  Docket No. 53.  Summons was issued and returns executed for three of the four remaining Defendants.[1]  On January 27, 2026, Defendants Riley Breedlove, Gregg Martin, and Sheriff Employee Moore moved to dismiss.  Plaintiff filed an untimely response on February 17, 2026.  The undersigned Magistrate Judge declines to strike it as untimely filed, but Plaintiff is cautioned that any future failure to comply with the Federal Rules of Civil Procedure and/or this Court's Local Rules may result is filings being stricken.  The motions are now fully briefed.

## II.     Amended Complaint Allegations

Plaintiff alleges in her Amended Complaint that Sheriff's Deputy Jordan Turley approached her home with "purported legal documents," and when Plaintiff questioned what he was doing, Turley "responded with force, slamming Plaintiff to the ground while her hands remained behind her back."  Docket No. 32, p. 1.  She alleges both Breedlove and Moore taunted her and offered no medical assistance, and that Sheriff Simmons interrogated her while EMS responders were taking her blood pressure.  She alleges that she is a tribal citizen and that Moore refused her request for a Cherokee Nation Lighthorse officer because the Sheriff's officers were cross-trained.

Plaintiff further alleges she was never shown "the warrant," presumably one of the "purported legal documents" cited by Plaintiff, and that the warrant is not available on the

---

[1] The Clerk's office issued summons for the final Defendant, Chris Jackson, but it was returned unexecuted.  *See* Docket Nos. 56, 58.  This Court has issued a show cause order as to why this Defendant should not be dismissed for failure to prosecute, as even the extended time for service has expired.  The Response is due March 12, 2026.  *See* Docket Nos. 53, 58, & 68.

Oklahoma State Bureau of Investigation ("OSBI") and National Crime Information Center ("NCIC") databases, nor did she get a response from a Freedom of Information Act ("FOIA") request. *Id.*, pp. 1-2. She further alleges that body camera footage shows the documents Deputy Turley held[2] appeared to be a photocopy and not an original, and further alleges he was improperly attempting to arrest her on a civil process document. Plaintiff alleges she was hospitalized then admitted to the jail with dangerously high blood pressure, that jail medical staff denied her repeated medical requests, that she was humiliated and mocked while incarcerated, and that she was not allowed to leave after making bond. *Id.*, p. 2. Plaintiff alleges she has ten "supporting exhibits[] available upon request." *Id*, p. 5.

Plaintiff alleges numerous violations of the U.S. Constitution, federal law, and tribal law in her Amended Complaint. As to the constitutional and federal claims, she alleges violations of the First, Fourth, Sixth, Eighth, and Fourteenth Amendments, as well as a violation of 42 U.S.C. § 1983; the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1302; and claims for medical malpractice and deliberate indifference, fabrication of evidence, and false arrest. As to tribal law, Plaintiff alleges a violation of Cherokee Nation Criminal Code Title 22, § 25, a statement of Cherokee Nation jurisdiction; due process and equal protection violations under the Cherokee Nation Bill of Rights; and violation of cross-deputization agreements. Plaintiff seeks $3.5 million in compensatory damages and $1.5 million in punitive damages. *Id.*, pp. 4-5.

Plaintiff further filed a "Brief in Support of Newly Rewritten Complaint and

---

[2] It appears Plaintiff is referring to body camera footage from her March 26, 2023, arrest.

Response to Prior Dismissal Motion." Docket No. 35. In it, Plaintiff appears to be responding to the Motion to Dismiss, Docket No. 17, filed by Defendants Simmons and Turley prior to the filing of the Amended Complaint. *Id.* Because that Motion to Dismiss has been deemed moot, and Plaintiff was given ample opportunity to respond to the renewed motions to dismiss and the newly-filed one, the undersigned Magistrate Judge does not rely on this filing with regard to the pending motions to dismiss.

### III.    Legal Standards

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Practically, this means that the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In considering whether the complaint's allegations are sufficient, the court first eliminates conclusory allegations, mere 'labels and conclusions,' and any 'formulaic recitation of the elements of a cause of action.'" *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022) (*Iqbal*, 556 U.S. at 678) (quoting *Twombly*, 550 U.S. at 555). "The court then accepts as true all well-pled factual allegations and considers 'whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *VDARE Found. v. City of Colorado Springs*, 11 F.4th

1151, 1159 (10th Cir. 2021)).

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "generally take[s] one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted). When jurisdiction is challenged through a facial attack, the Court considers the allegations in the complaint to be true. *Id.* When jurisdiction is challenged through a factual attack, the Court "may not presume the truthfulness of the complaint's factual allegations" and "has wide discretion" to consider documentary and testimonial evidence. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), *abrogated in part on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001); *see also Ratheal v. United States*, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021) ("[W]hether a motion to dismiss must be converted to a motion for summary judgment depends on whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.") (quotation omitted).

When reviewing a motion for dismissal under Rule 12(b)(6), the Court "'must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201-1202 (10th Cir. 2011) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations *within the four corners of the complaint* after taking those

allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (emphasis added). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations. . . ." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Finally, because Plaintiff is proceeding *pro se*, the undersigned Magistrate Judge liberally construes her pleadings. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (requiring courts to liberally construe a *pro se* litigant's pleadings); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court construes a *pro se* party's pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."). Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

## IV.    Analysis

Defendants Simmons, Breedlove, Martin, and Moore all move for dismissal of all claims against them. Docket Nos. 41, 65. Defendant Turley moves for partial dismissal, requesting the Court dismiss all claims except the § 1983 claims for Fourth Amendment

false arrest and excessive force.[3]  Docket No. 42.  All Defendants allege this Court lacks

subject matter jurisdiction over Plaintiff's tribal claims, that Plaintiff fails to state a claim

against each of them as to the constitutional and federal claims brought pursuant to § 1983,

and that they are therefore entitled to qualified immunity.  Plaintiff responds that she has

plausibly alleged specific, detailed facts as to Simmon and Turley, and that the personal

participation of Sheriff Simmons is clearly alleged.  Furthermore, she contends that her

arrest was unlawful and her trauma is neither speculative nor exaggerated.  Docket Nos.

43-44.  In her response to the motion by Defendants Breedlove, Martin, and Moore,

Plaintiff explains that she is alleging failure to intervene and medical indifference as to

Breedlove, failure to intervene as to Moore, and "Ratification and Policy" as to Martin.

Docket No. 67, pp. 3-5, ¶¶ B, C, & E.  She further alleges qualified immunity is

inappropriate at this stage because she has plausibly alleged excessive force, deliberate

indifference, and failure to intervene.  *Id.*, p. 5, ¶ IV.

### A. Subject Matter Jurisdiction

Though not explicitly stated, Defendants appear to raise a facial attack on subject

matter jurisdiction as to Plaintiff's tribal claims.  District courts have subject matter

jurisdiction only as provided in 28 U.S.C. § 1331 (federal law claims) and § 1332 (diversity

of citizenship).  Plaintiff here invokes subject matter jurisdiction under federal law.  In

nearly identical briefs on this subject, Defendants all argue that this Court lacks subject

---

[3] Defendant Turley explains in his Reply that the partial motion to dismiss applies to all claims
except the § 1983 claims for Fourth Amendment false arrest and excessive force.  Docket No. 47,
p. 2.

matter jurisdiction over Plaintiff's tribal claims, *i.e.*, alleged violations of ICRA and Cherokee Nation tribal law. "In reviewing a facial attack, the district court must accept the allegations in the complaint as true." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). In 1978, the Supreme Court "held that the ICRA does not authorize the maintenance of suits against a tribe nor does it constitute a waiver of sovereignty." *Walton v. Tesuque Pueblo*, 443 F.3d 1274, 1278 (10th Cir. 2006) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1978) (noting the only exception is habeas proceedings)). Since 1980, however, the Tenth Circuit has recognized a narrow exception to this rule: An exception to tribal sovereign immunity exists where "[1] the dispute involves a non-Indian party; [2] a tribal forum is not available; and [3] the dispute involves an issue falling outside internal tribal affairs." *Ordinance 59 Ass'n v. U.S. Dep't of Interior Sec'y*, 163 F.3d 1150, 1156 (10th Cir. 1998) (quoting *Dry Creek Lodge, Inc. v. Arapahoe v. Shoshone Tribes*, 623 F.2d 682, 685 (10th Cir. 1980) ("[I]n the absence of such other relief or remedy the reason for the limitations disappears. The reason for the limitations and the references to tribal immunity also disappear when the issue relates to a matter outside of internal tribal affairs and when it concerns an issue with a non-Indian.").

Defendants allege Plaintiff cannot meet the narrow *Dry Creek* exception because the Cherokee Nation courts are available for these claims. In response to Defendant Simmons,[4] Plaintiff asserts that her claims are not solely tribal law claims, but specifically

---

[4] Plaintiff does not address this argument in her response to Turley's partial motion to dismiss, *see,* Docket Nos. 42-43, nor in her response to the motion to dismiss filed by Defendants Breedlove, Martin, and Moore, *see* Docket Nos. 65, 67. All Defendants raise the issue.

actionable through § 1983, that the tribal allegations are for background and context, and that the basis of her claims is federal question jurisdiction and supplemental jurisdiction for related claims. Because this court lacks subject matter jurisdiction, even supplemental jurisdiction, under ICRA and for claims raised pursuant to tribal law, the undersigned Magistrate Judge finds Plaintiff's claims pursuant to ICRA and Cherokee Nation Law should be dismissed for lack of subject matter jurisdiction.

## B. Claims Pursuant to § 1983

Defendants also argue that the federal claims in the Amended Complaint should be dismissed for failure to state a claim. Plaintiff's Amended Complaint states, "Plaintiff asserts violations of the United States Constitution, federal law, and tribal law, including but not limited to:

**Fourth Amendment** – Unlawful seizure without a valid warrant (See *Beck v. Ohio*, 379 U.S. 89 (1964))

**Eighth Amendment** – Cruel and unusual punishment for deliberate medical indifference (See *Estelle v. Gamble*, 429 U.S. 97 (1976))

**Fourteenth Amendment** – Deprivation of liberty and property without due process (See *County of Sacramento v. Lewis*, 523 U.S. 833 (1998))

**42 U.S.C. § 1983** – Deprivation of federally protected rights under color of law

**Indian Civil Rights Act, 25 U.S.C. § 1302** – Rights applicable to residents of jurisdictions with tribal intersection

**First Amendment** – Violation of Plaintiff's right to petition for tribal assistance and speak freely when requesting a Cherokee Light Horse Officer

**Fifth Amendment** – Violation of due process through unlawful detention and deprivation of liberty without justification

**Sixth Amendment** – Denial of access to appropriate representation during detainment and questioning, including denial of a tribal officer

**Fourteenth Amendment – Equal Protection Clause** – Racial profiling and failure to afford Plaintiff equal protection under the law due to her status as a Native American citizen

**Fourth Amendment – Probable Cause Standard** – Arrest without a judicially authorized warrant or probable cause violates *Illinois v. Gates*, 462 U.S. 213 (1983)

**Medical Malpractice and Deliberate Indifference** – Under *Farmer v. Brennan*, 511 U.S. 825 (1994), officials may be liable if they knowingly disregard a substantial risk of serious harm

**Fabrication of Evidence and False Arrest** – Citing *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc), due process is violated when officials deliberately fabricate evidence or make arrests without lawful basis

Docket No. 32, p. 3.  These are the entirety of the claims for relief raised pursuant to Constitutional and/or federal law in Plaintiff's Amended Complaint.

"A claim pleaded under § 1983 requires (1) deprivation of a federally protected right by (2) an actor acting under color of state law."  *VDARE*, 11 F.4th at 1160 (internal quotation marks omitted).  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1156 (10th Cir. 2016) (internal quotation marks omitted) (noting this determination "is a mixed question of fact and law"). In other words, the purpose of § 1983 is to "provide compensatory relief to those deprived of their federal rights by state actors."  *Felder v. Casey*, 487 U.S. 131, 141 (1988).  Any Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" sufficient to provide each Defendant with "fair notice" by informing them of the actual grounds for the claim against each of them.  Fed. R. Civ. P. 8(a)(2); *Robbins*, 519 F.3d at 1248.  Plaintiff's Complaint alleges that "each named officer acted without legal justification and with deliberate indifference to Plaintiff's medical condition, engaging in taunting, humiliation, and excessive force."  Docket No. 32, p. 3.

Although Plaintiff sets forth some factual allegations of potential conduct by some Defendants, she largely fails to do so in a way that connects the alleged facts to any potential cause of action, with the exception of Turley.  *See Robbins*, 519 F.3d at 1250. Plaintiff alleges Turley was the arresting officer at her home, arriving with "purported legal documents" that she alleges was a civil process document, not an arrest warrant, and that

he slammed her to the ground with her hands behind her back.  Docket No. 32, pp. 1-2.

She alleges Simmons "interrogated" her by asking, "Did you follow the process?" and that

such a question ignored the medical emergency she was having.  Plaintiff alleges she asked

Moore to contact the Cherokee Nation Lighthorse force and he refused on the basis of being

cross-trained, *i.e.,* cross-deputized, and that both Turley and Breedlove also asserted they

were cross-trained.  Additionally, she alleges Breedlove shouted, "Your keys are going to

jail!"  Finally, Plaintiff alleges Martin confirmed no public record of the purported warrant

related to her.  *Id.*, pp. 1-2.

As documented above, however, Plaintiff does not distinguish among Defendants

with any other facts or when listing out the twelve causes of action, even aside from the

three tribal claims.  These allegations do not establish any sufficient cause of action as to

any Defendant except Turley with regard to her alleged false arrest and the alleged

excessive force, which are excluded from the present pending motions.

While Plaintiff attempts to allege a sufficient claim for denial of medical care as to

Simmons, she has failed to state a plausible claim and is unable to do so.  "To state a

cognizable claim, Plaintiff must allege acts or omissions sufficiently harmful to evidence

deliberate indifference to serious medical needs."  *Strain v. Regalado*, 977 F.3d 984, 989

(10th Cir. 2020) (quotation omitted).  "[D]eliberate indifference to a pretrial detainee's

serious medical needs includes both an objective and a subjective component[.]"  *Id.*; *see

also Garcia v. Salt Lake Cnty.*, 768 F.2d 303, 307 (10th Cir. 1985) ("[P]retrial detainees are

in any event entitled to the degree of protection against denial of medical attention which

applies to convicted inmates.  Thus [under the Fourteenth Amendment] it is proper to apply

a due process standard which protects pretrial detainees against deliberate indifference to their serious medical needs.").

> To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A medical need is [objectively] serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Clark*[ *v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018)] (alteration in original and citation omitted). The subjective component requires Plaintiff to establish that a medical "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (alteration in original) (quoting *Farmer*, 511 U.S. at 837).

*Strain*, 977 F.3d at 989-990. Plaintiff satisfies neither of these components in her Amended Complaint. To satisfy the objective component, "[t]he plaintiff selects 'what harm to claim.'" *Paugh v. Uintah Cnty.*, 47 F.4th 1139, 1155 (10th Cir. 2022) (quoting *Mata*, 427 F.3d at 753). The harm Simmons is alleged to have committed is unidentified on the face of the Amended Complaint. As such, Plaintiff likewise fails to satisfy the subjective component. Even liberally construing the Amended Complaint, Plaintiff alleges that EMS had already arrived and the responders were treating her at the time Simmons was asking her a question. She thus fails to allege, as to Simmons, a deprivation of any kind with regard to medical treatment.

Furthermore, additional facts and/or allegations contained in Plaintiff's responses are insufficient to overcome dismissal, as the Court is required to look only within the "four corners" of the Amended Complaint. *Mobley*, 40 F.3d at 340 (emphasis added).

Accordingly, the undersigned Magistrate Judge recommends that the two motions to dismiss and the motion for partial dismissal be granted. Additionally, because Plaintiff failed to sufficiently state a claim that Defendants Simmons, Breedlove, Moore, and Martin violated a clearly established constitutional right, they are likewise entitled to qualified immunity as to the claims brought pursuant to § 1983. Defendant Turley is entitled to qualified immunity on all § 1983 claims except for the Fourth Amendment claims related to false arrest and excessive force.

## C. Defendants' Motion to Strike

The same day Plaintiff filed her Responses in opposition to the Motions to Dismiss filed by Simmons and Turley, she also filed Plaintiff's Supplemental Brief in Opposition to Defendants' Partial Motion to Dismiss [Docket No. 45] ("Supplemental Response"). Defendants Simmons and Turley now move to strike the Supplemental Response. Citing Loc. Civ. R. 7.1(e) ("Supplemental briefs are not encouraged and may be filed only upon motion and leave of Court."), Defendants contend this should overcome the general rule that a motion to strike is generally only applicable to a pleading, *see* Fed. R. Civ. P. 12(f) ("The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). Construing Plaintiff's filing liberally, the undersigned Magistrate Judge declines to strike Docket No. 45. Plaintiff is advised, however, that any future filings must comply with both the Federal Rules of Civil Procedure and this Court's Local Civil Rules, or risk the filing being stricken for failure to comply.

-14-

## D. Leave to Amend

Plaintiff has been on notice of the defects in her original Complaint, based on the arguments in Defendants Simmons and Turley's original motions to dismiss, as well as signaled by this Court's previous invitation to amend her Complaint. Fed. R. Civ. P. 15(a)(2) provides that the "court should freely give leave when justice so requires," and that is especially true "when the plaintiff is proceeding pro se." *Panicker v. State Dept. of Agriculture,* 498 Fed. Appx. 755, 757 (10th Cir. 2012); *see also Gray v. Geo Grp., Inc.*, 727 Fed. Appx. 940, 948 (10th Cir. 2018) ("[D]enial of leave is generally justified only for 'undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'") (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give h[er] an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted). Because Plaintif's Amended Complaint, filed after an invitation to amend from this Court, failed to meet the standards of Rule 8(a), and because Plaintiff cannot prevail on the facts she has alleged, except as to the remaining claims against Defendant Turley, any amendment to allow further claim for damages for the same actions would be futile. *See Jefferson County School Dist. No. R–1 v. Moody's Investor's Services, Inc.,* 175 F.3d 848, 859 (10th Cir.1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile[.] A proposed amendment is futile if the complaint, as

-15-

amended, would be subject to dismissal."); *see also Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006) ("Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target[.]'") (citation omitted)).  The undersigned Magistrate Judge therefore recommends denying leave to amend on the grounds of futility.

## V.  Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant Simmons' Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Docket No. 41], Defendant Turley's Partial Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Docket No. 42], and Defendants Martin, Breedlove, and Moore's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Docket No. 65] should be GRANTED.  Any objection to this Report and Recommendation must be filed within fourteen days.  *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

Finally, the undersigned Magistrate Judge DENIES "Defendants' Motion to Strike Plaintiff's Supplemental Brief in Opposition to Defendants' Partial Motion to Dismiss [Dkt. 45]" [Docket No. 48].

IT IS SO ORDERED this 20th day of February, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**